### MERRITT *vs.* ANNAN and others.

Where a party neglects to attend before a master and do some act, pursuant to the directions of a decree or order of the court, the adverse party, upon the production of the decree or order and the master's certificate of the default, may apply ex parte for an order, requiring the party in default to attend before the master and do the act required, within four days after service of a copy of the order upon his solicitor, or within such other time as shall be allowed by the court for that purpose, and to pay the costs of the application; or in default thereof that he show cause, upon some regular motion day, why an attachment should not issue against him.

Where the aggrieved party would be injured by the delay, he may, upon due notice to the adverse party or his solicitor, apply at once for an absolute order, that such party attend before the master and do the act required, within the time allowed by the court, or that an attachment issue against him, upon filing the master's certificate of a second default.  But in such case the aggrieved party will not be allowed the extra costs of that proceeding, unless sufficient reasons are shown for the same.

The service of a summons to bring a party into contempt, for a neglect to attend before the master to do some act required by a decretal order in a suit, need not be personal.  It is sufficient if served on the solicitor of the party, where he appears by a solicitor.

THIS was an appeal from the decision of a vice chancellor, upon an application to compel the defendants to attend before a master and execute a conveyance, pursuant to the directions of the decree in the cause.  The defendants Mead and Annan were by the decree directed to execute a con-

veyance of a lot of land to the complainant, by a deed to be approved of by the master, and to be executed in his presence and under his direction. Both of these defendants having appeared in the cause by a solicitor, the master's summons was served on such solicitor, and also on Mead, one of the defendants, personally; duly underwritten, to settle and approve the conveyance, and for the defendants to attend before the master and execute such conveyance. Neither the parties nor their solicitor attended upon the return of the summons; and the master having proceeded and settled the form of the conveyance ex parte, certified the default of the defendants in not attending and executing the same. Whereupon the complainant's solicitor applied for an attachment against both defendants, and gave notice of the application to their solicitor. The vice chancellor granted the application as to the defendant Mead, but denied it with costs as to the defendant Annan, on the ground that a service of the master's summons on the defendant in person was requisite in such a case, and that the service upon his solicitor was not sufficient. From the decision of the vice chancellor, as to the defendant Annan, the complainant appealed.

· *W. Silliman,* for the appellant.

*J. Rhoades,* for the respondent.

THE CHANCELLOR. The vice chancellor erred in supposing that a personal service of the summons upon the defendant was necessary in this case. By the English practice there is a certain class of cases in which a personal service or actual notice of an order of the court is necessary, to bring a party into contempt for a disobedience of such order. Whether the revised statutes, which require the pleadings and proceedings to be served on the solicitor in the cause, where the party has appeared by a solicitor, (2 *R. S.* 180, § 77, 83,) has not altered the practice in this respect, is a question which it is not necessary to consider here; as this is a case in which a personal service was not necessary

1838.

Merritt
v.
Annan.

by the English practice. Even before the adoption of this statutory provision on the subject of the service of papers, the practice in this state was, in many cases, to serve the papers upon the solicitor in the cause, instead of the clerk in court of the party for whom he appeared. And the effect of the statute undoubtedly was to make a service upon the solicitor a good service in all those cases, where by the former practice a service upon the clerk in court was requisite or proper. The 16th rule has also provided for a class of cases in which the party has appeared in person in the cause, or where he has neglected to appear at all.

By the practice of the English court of chancery, the service of a summons to attend before a master, in pursuance of a decree or order of the court, to be examined or to produce books and papers or to execute conveyances, or to do any other act in the usual course of pioceedings in the master's office, might be served upon the clerk in court of a party who had appeared in the suit; even where the effect of such summons might be to bring the party into contempt if he neglected to attend the master thereon. (*Bennett's Off. of Master,* 7, *App.* 31. 1 *Newl. Ch. Pr.* 515, 3d *Lond. ed.*) And if the party neglected to attend before the master and to do the act required, the master upon such a service of the summons upon the clerk in court certified his default; on which certificate an ex parte order was obtained, which resulted in an arrest of the party for contempt if the order was not obeyed within four days after a service thereof upon his clerk in court. (*Benn. Off. of Mast. App.* 31, *No.* 15.) The practice in this court is substantially the same, except as to the service of the summons and the subsequent papers upon the solicitor instead of the clerk in court; and in giving to the party an opportunity to show cause why an attachment should not issue, where the order to attend before the master and do the act required by the previous summons is obtained on an ex parte application to the court, upon the master's certificate.

By the practice in this state, the party aggrieved by the neglect of the adverse party to attend before the master and do the act required, may upon production of the decree

or order of reference and the master's certificate of the default in the usual form, apply to the court ex parte for an order, that the party so in default attend before the master and do the act required, within four days after the service of the copy of the order upon his solicitor, or within such further time as shall be allowed by the court and specified in the order for that purpose, and pay the costs of the application, or in default thereof that he show cause before the court upon some regular motion day thereafter, to be specified in the order, why an attachment should not be issued against him. Where the party proceeded against is not a solicitor of the court, and has appeared in person, the order will be varied accordingly, so as to direct the same to be served in the manner prescribed by the 16th rule. And where the party has not appeared, the court must prescribe what notice of the order, if any, shall be given to him.

It is not absolutely necessary, however, in all cases, that the party aggrieved should apply and obtain this preliminary order in the first instance. And where he has actually sustained damage by the neglect of the adverse party to attend before the master and do the act required in the first instance, or where he would be likely to be injured by the delay, upon an order to show cause, he may, upon due notice to the adverse party or his solicitor, apply for an absolute order that such party attend before the master and do the act required, within such time as may be allowed by the court for that purpose, or that an attachment issue against him upon filing the master's certificate of a second default, and for such other relief in the premises as to the court may seem proper. In such a case, however, he will not be allowed the extra costs of that proceeding, unless there is some sufficient reason shown for departing from the usual course of an ex parte application. And he may even be compelled to pay costs, in the discretion of the court, if he compels the adverse party to appear and resist the application by asking for relief to which he is not entitled.

In this case the vice chancellor, instead of denying any relief as against the defendant Annan, should have made an

order that he attend before the master, within a reasonable time after the service of such order on his solicitor, and execute the conveyance which had been approved by the master, or that an attachment issue upon filing with the clerk the master's certificate of such second default. And as the complainant in his application had asked for an attachment in the first instance, which he was not entitled to, it would have been proper to have refused him costs upon the application. The order of the vice chancellor must therefore be reversed and modified accordingly, without costs to either party, either in the court below or on this appeal, giving to the defendant Annan eight days after service of a copy of the order on his solicitor, to appear and execute the deed. And the proceedings are to be remitted to the vice chancellor, to carry into effect the order as thus modified.